Van Brunt, J.
The section of the Penal Code under which the defendant has been committed reads as follows:
“ A person who takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse, or without the consent of her mother, father, guardian or other person having legal charge of her person, for the purpose of marriage, &c., is guilty of a felony.”
The indictment charged the taking for purposes of prostitution. The evidence to support the indictment was that of the mother of the child as to her age, the evidence of the girl herself, also of a female physician as to the physical condition of the girl, and the evidence of two officers of the Society for the Prevention of Cruelty to Children as to the character of the place kept by the defendant and as to an *404 interview with the defendant. The evidence of the girl was to the effect that in the latter part of July, 1884, while strolling around New York with a companion, she came to 141 Chatham street; that she then saw the defendant for the first time, and she asked him how much it was to see the entertainment, and he said : “ JN othing, my little dear; come in.” That the defendant then treated them and asked if they were going to stay there; her companion said “ no,” and she said “ yes; ” that the defendant took them both up stairs and had sexual intercourse with them, and the girls then went down stairs and waltzed around until one or two o’clock and went up stairs to bed, getting up about ten or eleven o’clock.
That there were seven or eight other girls there; that after three or four days she asked the defendant to buy her a' new dress, and he bought it, and then she began to go up stairs with other men who paid her a dollar, which she gave to the bartender or to the defendant; that she stayed in the place until the end of August; that about half past six o’clock one evening she went to 107 Chatham street when the detectives were after her, and from there to the defendant’s brother’s place in Cherry street; that while the detectives were at defendant’s place, she went into a little closet, and when she came out the defendant said that she would have to go for a while until it would all be over.
Officer Stocking testified that he knew the defendant, and that he first saw the girl in question August 29, 1884, at 141 Chatham street, between nine and ten o’clock; that officer Wilson was with him; that he saw there quite a number of men and women, among whom was the girl in question, some dancing, some drinking going on, &c.; that the defendant was there; that when they went in they asked for the proprietor, and the defendant was pointed out; that they asked him and he said he was; that noticing a girl rather young for the place; he asked him if her name was not Kate Cavanagh, the girl in question, and if she did not come from *405 Newark; that the defendant denied knowing any girl by that name, 01 any girl from Newark; that upon turning again the girl was gone.
That witness further testified that up stairs the house was divided off into several rooms, and that every one had a bed, and that some had bunks three tiers high; that the place was a dance hall and a house of prostitution combined. The witness then testified to other things he saw at this time. A motion was made to strike out this evidence which was denied and exception.
The witness then testified to going there September seventeenth, and that he saw some ten or fifteen men and women arrested. Defendant’s counsel renewed his motion to strike out all of this evidence which was denied and exception. Officer Wilson testified to the same facts.
The learned recorder charged the jury, amongst other things, as follows:
“ It was immaterial for which of these prohibited purposes she was taken. If she was, at the time of the taking, under the age of sixteen years, and was feloniously taken for the purposes of prostitution or of sexual intercourse, the person who does so violates the provisions of the statute and is guilty of the crime of abduction.
“ There are two questions in this case which you are called upon to determine: Did the defendant take the girl Kate Cavanagh for the purpose of prostitution or sexual intercourse ? If you determine this question in the affirmative the next question for you to determine will be: ‘Was she, at the time she was so taken, a female under the age of sixteen years ? ’ If you find both of these questions in the affirmative you will convict the accused. * * * The first question for your determination, I repeat, is this: Did this defendant take the girl Kate Cavanagh for the purpose of prostitution or sexual intercourse ? If you determine that in the affirmative the next question will be, was she, at the time she was so taken, a female under the age of sixteen years ? If you find *406 both questions in the affirmative, it will be your duty to convict the defendant of the crime charged in the indictment.”
This is claimed to be error, because the only offense charged in the indictment was a taking for the purpose of prostitution. There, however, was no exception to this branch of the charge, and the attention of the learned recorder was not called-to the fact that there was only one count in the indictment.
It may be true that an appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial whether any exceptions shall have been taken or not in the court below, but in the case at bar the verdict does not seem to be against the weight of evidence or against the law or that justice requires a new trial. There are no exceptions to evidence which are well taken.
The evidence of what the officers saw at the place on the twenty-ninth of August was competent, because the girl was then there, and the character of the place in which the girl was then being kept was material to show the object of the keeping. From the testimony showing that the house was then a house of prostitution and that the girl was then there, it may be fairly inferred that she was there for purposes of prostitution.
The motion as to the evidence of September seventeenth was too broad, as it included the striking out of the evidence as to August twenty-ninth as well as that relating to what was seen at the place on September 17, 1884. I think, however, that the question as to the character of the house being material in having been shown what it was while the girl was there, it was competent to prove what it had been both before and after, within reasonable limits, and that it was kept by the same proprietor and used for the same purposes, so as to show the character of the place. It is urged that there was error in allowing the jury to consider the general appearance of the girl, in connection with the other evidence, in determining her age. It is sufficient to say that both the *407 mother and the girl testified as to her age, and that the statute allows the jury to consider her appearance in determining the question of age.
The jury were not instructed to determine the age of the girl from her appearance alone, but that they might consider it in connection with the other evidence in the cause, and, therefore, were not allowed to “ speculate,” as is claimed by the counsel, as to the age of the girl.
The next question to be considered is, was there any evidence of a “ taking ” within the words of the statute ? As the learned recorder said in his charge, “ it is not necessary to constitute the taking of the girl by the defendant that it was accompanied by force or violence.” If the girl went to the defendant’s place voluntarily and he invited her in and allowed her to remain there, and used her for purposes of prostitution, it would be a taking within the meaning of the statute. This condition of affairs is fully borne out by the testimony. The girl’s evidence is that the defendant invited her in, and to say the least allowed her to remain there, and that she had intercourse with men and paid the money to the defendant. These acts, taken in connection with the character of the house, certainly allowed the jury to infer that when the defendant invited the girl in, that it was with the intent to devote her to purposes of prostitution.
What do proprietors of houses of prostitution invite women into their establishments for ? It is, not certainly that they may say their prayers,, but rather, is not the inference that it is for the purpose of devoting them to their trade.
The next objection to the conviction is, that there is no corroborating evidence as is required by the statute. Section 283 of the Penal Code reads as follows :
“Ho conviction can be had for abduction, compulsory marriage or defilement upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence.”
It is claimed by the people that there is abundant evidence of corroboration.
*408 First. The'testimony of the mother of the girl, who deposes that in the latter part of July the girl left her house without her consent.
Second. The testimony of the physician who examined the girl Katie Cavanagh and deposes that a sexual intercourse had been attempted upon her and had been accomplished to the extent of breaking the hymen.
Third. The conduct of the defendant when the officers of the Society for the Prevention of Cruelty to Children called at this brothel in Chatham street for the purpose of taking the girl. He evaded their questions and denied all knowledge of her, and
Fourth. The character of the place kept by the defendant. The evidence of the mother in no wise corroborates the charge, because there is no evidence that the defendant enticed the girl from her home. The testimony of the physician is of no effect as evidence that the girl had had connection, or attempted connection, proved nothing against this defendant. The false denials of the defendant to the officers are strong corroborations of a criminal intent upon the part of the defendant in the keeping of the girl. The evidence of the officers show that the girl was at the defendant’s place with his knowledge, and that it was a house of prostitution. From these facts the jury might well infer, entirely independent of the girl’s testimony, that the defendant was keeping her there for the purposes of prostitution.
The evidence of the mother and the officers then showed, independent of that of the girl herself, that she was under sixteeen years of age, and was being kept by the defendant for purposes of prostitution. This was evidence of material facts leading to the inference not only that a crime had been committed, but that the defendant was implicated in it.
It is reasonable to infer, from the evidence, that the girl was found in a house of prostitution, staying there with the knowledge of the proprietor, that it is by his invitation and for the purposes of his business. And such an invitation and devo *409 tion to such business constitutes the crime of abduction under the Penal Code, and the case is thus brought within the rule as to the corroboration laid down by the court in the case of The People agt. Courtney (28 Hun, 592). The court say: “ What appears to be required is, that there should be some fact deposed independently altogether of the evidence of the accomplice, which taken by itself leads to the inference not only that a crime had been committed, but the prisoner is implicated in it.” I am of the opinion, therefore, that there is no reasonable doubt as to the propriety of the conviction, and that a stay should be refused unless the defendant stipulates not to apply for bail pending appeal, to which the district-attorney has consented.